# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

COMMERCIAL CREDIT GROUP INC.,

      Plaintiff,

v.                                            No. 19-CV-0558-KG-JHR

PROTÉGÉ EXCAVATION, INC.,

      Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION REGARDING EXPEDITED EX PARTE ISSUANCE OF WRIT OF REPLEVIN

This matter comes before the Court upon the request of Commercial Credit Group, Inc. (Commercial Credit) for an expedited *ex parte* writ of replevin to secure the collateral for certain loans extended by it to Protégé Excavation, Inc. (Protégé). The undersigned Magistrate Judge, as authorized by a referral order entered by the presiding District Judge, held an *ex parte* hearing on July 30, 2019, attended by Jeanne Y. Sohn, attorney for Commercial Credit. Based upon that hearing and a review of the court filing to date, I recommend that the District Judge adopt the following findings of fact and issue the requested writ in a form to be proposed by Commercial Credit and attached as an Exhibit to these recommendations.

## BACKGROUND

Commercial Credit filed a complaint for replevin [Doc. 1] on June 14, 2019, alleging Protégé's default on certain loans and its own resulting entitlement to immediate possession and ultimate sale of the collateral. The complaint included the affidavit of a Senior Vice President of Commercial Credit reflecting a review of business records of the course of dealings between the parties. [*See* Doc. 1, at 9-13.] A few days later, Commercial Credit filed copies of the pertinent documents including promissory notes and security agreements. [Doc. 3-1].

1

On June 27, 2019, Commercial Credit filed a *Motion for Setting and Request for Expedited Ex Parte Hearing* [Doc. 4], alleging circumstances supporting its belief that Protégé "may conceal, dispose of, or waste the Collateral at issue described in the Petition, or the revenues therefrom, or remove the Collateral from the jurisdiction, during the pendency of Plaintiff's Petition." [*Id.*, p. 1]. Because of those circumstances, Commercial Credit seeks a pre-judgment writ of replevin to secure the collateral pending further proceedings. [*Id.*, p. 1-2].[1]

**NEW MEXICO LAW OF REPLEVIN**

Replevin was an original common-law remedy, but New Mexico has long-authorized a suit for replevin by statute. The current version states: "Any person having a right to the immediate possession of any goods or chattels, wrongfully taken or wrongfully detained, may bring an action of replevin for the recovery thereof and for damages sustained by reason of the unjust caption or detention thereof." NMSA 1978, § 42-8-1 [1907]. Corporations are within the scope of proper defendants in replevin: "Suits of replevin may be commenced and carried to a conclusion against any incorporated company in this state in all cases that may be begun and carried against any ordinary defendants." NMSA 1978 § 42-8-4 [1907].

A replevin suit has two possible components: physical recovery of the collateral, and pursuit of damages for wrongful taking. NMSA 1978, § 42-8-1; *see also Security Pacific Financial Services v. Signfilled Corp.*, 1998-NMCA-046, ¶ 17. Because New Mexico authorizes recovery of wrongful taking damages, a plaintiff in replevin cannot also pursue a claim for conversion.[2] NMSA 1978, § 42-8-7; *Security Pacific*, 1998-NMCA-046, ¶ 16.

---

[1] Commercial Credit also asks for a Writ of Assistance, *see* Doc. 1, at 6; also requested orally at the hearing. Under Fed. R. Civ. P. 70(d), such a writ is obtained from the clerk by "a party who obtains a judgment or order for possession". While a pre-judgment writ of replevin is a type of order "for possession", the fact that it issues to the sheriff who then takes possession and delivers the property to the plaintiff, *see* NMSA 1978, § 42-8-10, seems to render a writ of assistance duplicative and unnecessary.

[2] Conversion is "the unlawful exercise of dominion and control over property belonging to another in defiance of the owner's rights, or acts constituting an unauthorized and injurious use of another's property, or a wrongful

In order to secure the collateral against potential concealment, disposition or waste, New Mexico authorizes, upon a proper showing, the issuance of a writ of replevin at the commencement of the case. NMSA 1978, § 42-8-5. In order to obtain a pre-judgment writ of replevin, an affidavit must be filed "stating: A. that the plaintiff is lawfully entitled to the possession of the property mentioned in the complaint; B. that the same was wrongfully taken or wrongfully detained by the defendant; C. that the plaintiff has reason to believe that the defendant may conceal, dispose of, or waste the property or the revenues therefrom or remove the property from the jurisdiction, during the pendency of the action; D. that the right of action accrued within one year; and E. specific facts, from which it clearly appears that the above allegations are justified." *Id.*

New Mexico also requires posting of a bond before execution of a pre-judgment writ of replevin. NMSA 1978, § 42-8-6. The bond is to guarantee that the plaintiff will "[prosecute] the suit with effect and without delay and that he will without delay make return of the property if a return is adjudged, keep harmless the officer and pay all costs that may accrue." *Id.; see also* NMSA 1978, § 42-8-11 (defendant's remedies for lack of successful prosecution). The bond amount must be double the value of the collateral. *Id.* The sheriff involved in a replevin can be liable to a "party injured" by the insufficiency of the posted bond, NMSA 1978, § 42-8-15, thus justifying the "hold harmless" pledge required from the plaintiff in § 42-8-6. A plaintiff can avoid the requirement of an affidavit and bond by waiving pre-judgment seizure and delivery of the collateral. NMSA 1978, § 42-8-7.

If a proper affidavit and sufficient bond are filed, a New Mexico district court judge "shall … issue the writs of replevin applied for by the complainant directed to the sheriff of the county".

---

detention after demand has been made." *In re Yalkut*, 2008-NMSC-009, ¶ 25, 176 P.3d 1119 (per curiam) (internal quotation marks and citation omitted); *see also Security Pacific Financial Services v. Signfilled Corp.*, 1998-NMCA-046, ¶ 15.

NMSA 1978, § 42-8-18. The sheriff then must seize the collateral and deliver it to the plaintiff, and also "[summon] the defendant to appear on the return day of the writ, to answer the action of the plaintiff." Section 42-8-10.

**PROPOSED FINDINGS OF FACT**

1. Commercial Credit, as creditor, and Protégé, as debtor, are parties to contracts whereby Commercial Credit loaned purchase money to Protégé to procure machinery and equipment which the parties intended to serve as collateral for repayment of the loans. The terms of the parties' contracts as well as the descriptions of the collateral are contained in promissory notes, security agreements, and UCC financing statements as described in the court record, both in the complaint, [Doc. 1], and supporting exhibits, [Doc. 3-1].

2. Commercial Credit alleges that the physical collateral has an estimated value of $659,943. [Doc. 1, at 1 and 11].

3. The terms of the contracts authorize Commercial Credit to take possession of the collateral upon default by Protégé. [Doc. 1, at 12; Doc. 3-1, at 5].

4. Protégé has defaulted upon the contracts by failing to make timely payments, and thereafter by failing to surrender possession of the collateral.

5. Though not required by the contracts, *see, e.g.,* [Doc. 3-1, at 5], Commercial Credit tendered written notice of default to Protégé on or about July 10, 2018. [Doc. 1, at 4; Doc. 3-1, Exh. D].

6. Commercial Credit is lawfully entitled to possession of the collateral described in the complaint and supporting documents in the court record.

7. Commercial Credit has contacted Protégé, given notice of default, and communicated its intent to receive voluntary surrender of the collateral.

8. Protégé has not contested the notice of default but has not voluntarily surrendered the collateral.

9. Protégé's continued possession of the collateral in derogation of Commercial Credit's contractual right to possession upon default is a wrongful detention by Protégé.

10. Protégé's refusal upon notice and without contest to surrender the collateral, along with additional information provided by Commercial Credit suggesting that the collateral is being moved and concealed, as well as continually used in Protégé's business operations, and is not demonstrably insured against loss or damage as required, *see* [Doc. 1 at 12-13], all give reason to believe that Protégé may conceal, dispose of, or waste the property or the revenues therefrom during the pendency of this action.

11. Protégé's default by failing to make timely payments on the contracts occurred less than one year before Commercial Credit filed this action.

**RECOMMENDED DISPOSITION**

On the record presented, I recommend that the District Judge adopt the proposed findings of fact set forth above, and authorize the issuance of a writ of replevin for recovery of the collateral described in the complaint and supporting documents, deliverable to the Sheriff of Taos County and Bernalillo County or any other New Mexico county where the collateral may be found, and also summoning[3] Protégé to file an answer to the complaint, all by a date certain as stated in the writ. A proposed form of the writ of replevin, submitted by counsel for Commercial Credit and edited by the undersigned to provide additional information to Protégé reflecting the writ's dual function as a summons, is attached for the Court's consideration.

---

[3] A New Mexico writ of replevin acts as a summons. *See In re Martinez*, 476 B.R. 627, 645 (U.S. Bankr. Ct., D.N.M. 2012), citing *Citizens Bank, Farmington v. Robinson Bros. Wrecking*, 76 N.M. 408, 412, 415 P.2d 538, 540 (1966) (construing former statute).

I further recommend that the District Judge order Commercial Credit, prior to issuance of the writ, to post a bond as required by NMSA 1978, § 42-8-6 (1907), in an amount no less than double the value of the collateral as described in the complaint and supporting documents, for the purposes stated in the statute.[4]  The required form of bond is set forth in NMSA 1978 § 42-8-17 (1975).

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).

**A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
JERRY H. RITTER
U.S. MAGISTRATE JUDGE

---

[4] At the hearing on Commercial Credit's motion, the Court and counsel for Commercial Credit discussed whether the express waiver of bond contained in the contract documents was adequate to excuse the statutory requirement of posting a replevin bond.  Neither the Court nor counsel has found any New Mexico case which would give effect to a contractual waiver.  The Court indicated during the hearing that it expected to recommend that the District Judge honor Protégé's waiver and excuse the bond requirement unless the District Judge disagreed; counsel advised that Commercial Credit is willing and able to post a bond if required.  Subsequent to the hearing, the Court researched the history of the New Mexico replevin statutes, which were amended in 1975 to comply with due process requirements established in *Mitchell v. W.T. Grant Co.*, 416 U.S. 600 (1974).  Prior to *Mitchell*, New Mexico's replevin statute was held to be unconstitutional by the New Mexico Supreme Court in *Montoya v. Blackhurst*, 84 N.M. 91, 500 P.2d 176 (1972), under the holding of *Fuentes v. Shevin*, 407 U.S. 67 (1972) (deprivation of property upon a summary procedure involving no judicial officer and no showing of unusual need was a denial of due process).  *See also Sena v. Montoya*, 346 F.Supp. 5 (D.N.M. 1972).  The current structure, conditioning a pre-judgment writ upon a judicial officer's determination of adequate need, was upheld in *First National Bank of Santa Fe v. Southwest Yacht & Marine Supply Corp.*, 1984-NMSC-075, 101 N.M. 431, 648 P.2d 517, which also held that "[a]ny replevin action initiated pursuant to New Mexico's statute must strictly comply with the statutory requirements in order not to violate a defendant's due process rights."  *Id.*, ¶ 6 (citation omitted).  Based upon the requirement of strict statutory compliance, the Court no longer recommends excusing the statutory bond requirement.