**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

COMMERCIAL CREDIT GROUP INC.,

      Plaintiff,

v.                                           CV 19-0558 KG/JHR

PROTÉGÉ EXCAVATION, INC.,

      Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter comes before the Court on Plaintiff Commercial Credit Group, Inc.'s ("Commercial Credit's"), Motion for an Order to Show Cause, filed December 20, 2019; presiding District Judge Gonzales' Order requiring Defendant Protégé Excavation, Inc. ("Protégé"), to appear and show cause, issued January 13, 2020; Judge Gonzales' Order of Reference of these matters to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(B) and 636(b)(3), filed January 28, 2020; this Court's resulting Orders to Show Cause and Notices of Hearing, filed January 29, 2020, March 4, 2020, March 21, 2020, and June 1, 2020; and the two hearings this Court has convened on these matters on March 3, 2020 and July 1, 2020. [*See* Docs. 14, 15, 19, 20, 24, 25, 27, 30, 31, 32]. Having carefully considered the record in this case, the Court **hereby recommends** that presiding District Judge Gonzales consider holding Protégé or its registered agent and director, Steven Vigil, in civil contempt on the basis of the following **certified facts**, as permitted by 28 U.S.C. § 636(e)(6)(B). The Court **further recommends** that Judge Gonzales hear the pertinent evidence as required by Section 636(e)(6) and determine the appropriate sanctions to deter future misconduct by Protégé and Mr. Vigil - up to and including a fine or imprisonment - until the requirements of the original and subsequent Orders to Show Cause have been satisfied.

1

## I.   LEGAL STANDARDS

As a United States' Magistrate Judge, this Court may not enter a finding of civil[1] contempt. *See* 28 U.S.C. § 636(e). Instead, the undersigned may only certify factual circumstances which would support a finding of contempt for a District Judge's consideration.[2] *See* 28 U.S.C. § 636(e)(6). The presiding District judge will then hear the evidence and, if warranted, enter appropriate sanctions in the same manner and to the same extent as if the contempt occurred in his presence. *Id.*

## II.   CERTIFIED FACTS

The Court certifies the following facts for Judge Gonzales' consideration:

1.      On June 14, 2019, Commercial Credit filed a Complaint for Replevin. [*See* Doc. 1]. In its Complaint, Commercial Credit alleged that Defendant Protégé Excavation, Inc. ("Protégé"), defaulted on two Promissory Notes and Security Agreements ("the Contracts"),

---

[1] "[W]hether a contempt is civil or criminal turns on the character and purpose of the sanction involved. Thus, a contempt sanction is considered civil if it is remedial, and for the benefit of the complainant. But if it is for criminal contempt the sentence is punitive, to vindicate the authority of the court." *International Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 827-28 (1994); *see also Dartez v. Peters*, 759 F. App'x 684, 689-90 (10th Cir. 2018) (unpublished) ("The distinction between civil and criminal contempt turns on the 'character and purpose' of the sanction…. Civil contempt is characterized by the court's desire to compel obedience of the court order or to compensate the litigant for injuries sustained from the disobedience…. Where an order seeks to compel obedience, the party held in contempt 'carries the keys of his prison in his own pocket' and 'can end the sentence and discharge himself at any moment by doing what he had previously refused to do….' On the other hand, the primary purpose of a criminal contempt is to punish defiance of a court's judicial authority. Accordingly, the normal beneficiaries of such an order are the courts and the public interest…. And criminal contempt sanctions are 'fixed' regardless of the contemnor's future conduct…. To this point, contempt is criminal in nature if the sanction is 'definite,' the contemnor 'is furnished no key,' and the contemnor cannot lessen the sanction 'by promising not to repeat the offense….' Finally, a contempt sanction imposed after the contemnor disobeys a court order is criminal in nature if it does not 'undo or remedy what has been done, nor afford any compensation for the pecuniary injury caused by the disobedience.'") (quoted cases omitted).

[2] *See Sec. & Exch. Comm'n v. Projaris Mgmt., LLC*, 2014 WL 12781332, at *1 (D.N.M. June 26, 2014) (Molzen, M.J.) ("A magistrate judge may exercise civil or criminal contempt authority only in certain circumstances, including summary criminal contempt for "misbehavior in the magistrate judge's presence so as to obstruct the administration of justice, and criminal and civil contempt in misdemeanor cases and civil consent cases…. In other circumstances, the Federal Magistrate's Act provides for a procedure whereby the magistrate judge certifies facts pertaining to contempt to a district judge.").

entitling Commercial Credit to immediate delivery of Protégé's collateral securing the Contracts (construction equipment). [*See* Doc. 1, pp. 2-13].

2.      On July 22, 2019, presiding District Judge Gonzales referred Commercial Credit's Complaint and Request for Setting to the undersigned Magistrate Judge for a recommended disposition. [Doc. 6].

3.      The undersigned held a hearing on Commercial Credit's requested writ on July 30, 2019; and, on August 5, 2019, recommended that Judge Gonzales grant Commercial Credit the requested writ. [Docs. 8, 9].

4.      On August 22, 2019, Judge Gonzales adopted the undersigned's recommendation and granted Commercial Credit a prejudgment writ of replevin ("the Writ"). [*See* Docs. 9, 11].

5.      The Writ was issued to the sheriffs of any New Mexico county where the collateral could be found, directing them to secure the collateral and deliver it to Commercial Credit pending further proceedings. [*See* Doc. 12, p. 1]. It further directed Protégé to serve an answer to the Complaint and warned it that failure to respond would result in judgment by default. [*See id.*, p. 2].

6.      After transmitting the Writ to the Taos and Colfax County Sheriff's Departments, who unsuccessfully attempted to serve it on Protégé, Commercial Credit moved the Court for an Order requiring Protégé to appear and show cause. [*See* Doc. 14]. Commercial Credit asked the Court to require Protégé to appear and show cause why the collateral should not be immediately surrendered and delivered to Commercial Credit as required by the Contracts; or, alternatively, to (1) provide a full accounting and exact location of the collateral, and (2) cooperate with Commercial Credit's repossession agent to surrender the collateral. [*Id.*, p. 3].

7.      Judge Gonzales granted Commercial Credit's motion on January 13, 2020 and

issued an Order to Show Cause which directed Protégé to appear before the Court and show cause why the collateral should not be immediately surrendered and delivered; or, to (1) provide a full accounting and exact location of the collateral, and (2) cooperate with Commercial Credit's repossession agent to surrender the collateral. [Doc. 15].

8.      Notice of Judge Gonzales' show cause hearing was returned to the Court as undeliverable. [Doc. 18].

9.      Judge Gonzales vacated the show cause hearing on January 16, 2020, and he referred his Order to Show Cause to the undersigned Magistrate Judge for recommendation on January 28, 2020. [Doc. 19]. The matter was set for hearing before the undersigned on March 3, 2020. [Doc. 20].

10.      In the Notice of Hearing for the March 3, 2020 setting the Court cautioned Protégé that failure to attend the hearing could result in entry of default judgment in Commercial Credit's favor and/or sanctions for contempt of court. [Doc. 20].

11.      Notice of the March 3, 2020 hearing was returned as undeliverable to the three addresses on record for Protégé, even though it was sent via certified U.S. first class mail, return receipts requested. [*See* Docs. 21-23].

12.      On March 2, 2020, Steven Vigil, Protégé's registered agent and director, called the Court and spoke with the undersigned's judicial law clerk. [Staff Note – 3/2/2020]. Mr. Vigil stated that he did not receive written notice of the hearing even though two of the three addresses on record were accurate. [*Id.*]. He also provided his phone number. [*Id.*]. Mr. Vigil was directed to appear at the March 3, 2020 hearing, and he confirmed that he would attend. [*Id.*].

13.      Mr. Vigil called the Court at approximately 11:30 AM on March 3, 2020 (the hearing was set for 2:00 PM), and again spoke with the undersigned's judicial law clerk. Mr. Vigil

stated that he would not attend the hearing due to a family emergency, but that he had obtained counsel, who would enter his appearance shortly. Protégé/Mr. Vigil's email address was verified. [Staff Note – 3/3/2020].

14.     Mr. Vigil did not attend the March 3, 2020 hearing and no appearances were made on Protégé's behalf. [*See* Doc. 24]. Commercial Credit orally moved the Court to proceed with the hearing but agreed that it should be reset contingent upon Protégé satisfying certain conditions. [*Id.*, p. 2]. Those conditions included requiring Protégé to show cause for failing to attend the March 3, 2020, hearing, provide a valid address for service of process, have its counsel enter his appearance within seven (7) days,[3] and appear at a future hearing and show cause as directed in the original Order to Show Cause. [*Id.*].

15.     The Court issued a Second Order to Show Cause and reset the show cause hearing for April 1, 2020. [*See* Doc. 25]. In the Second Order to Show Cause the Court ordered Protégé to appear and show cause "why the Collateral identified in Plaintiff's Complaint should not be immediately surrendered and delivered in accordance with the pertinent loan documents; or, alternatively, to appear and (1) provide a full accounting and exact location of the Collateral; and (2) cooperate with Plaintiff's Repossession Agent to obtain the Collateral." [Doc. 25, p. 1]. The Court further ordered Protégé to be prepared to show cause for its failure to appear at the March 3, 2020, hearing, to provide a valid service address, and have its attorney enter his or her appearance in this case within seven (7) days of its receipt of the Order. [*Id.*, pp. 1-2]. The Court again warned Protégé that failure to appear could result in the entry of default judgment in Commercial Credit's favor and/or sanctions for contempt of court. [*Id.*, p. 1].

16.     The Court directed the Clerk's office for this district to serve the Second Order to

---

[3]Pursuant to this Court's Local Rules, a business entity such as Protégé must be represented by counsel. *See* D.N.M.LR-Civ. 83.7.

Show Cause and Notice of Hearing via certified mail with return receipts requested on the two physical addresses Mr. Vigil had confirmed were valid when speaking with the Court's judicial law clerk. [*See* Doc. 25, p. 4]. The Court also had its law clerk email a file-stamped copy of the Second Order and Notice to Mr. Vigil at Protégé's email address. [Doc. 25, p. 4; Staff Note – 3/4/2020].

17.     Mr. Vigil did not confirm receipt of the Second Order and Notice sent to Protégé's email address and both mailings were returned as undeliverable. [Doc. 26].

18.     On March 21, 2020, the Court reset the hearing *sua sponte* due to the COVID-19 global pandemic and local social distancing recommendations issued by the State of New Mexico and the Chief District Judge for the District of New Mexico. [*See* Doc. 27]. The Court reset the hearing to June 3, 2020 with the hope that social distancing recommendations would be relaxed by then. [*Id.*]. While they ultimately were not, [*see* Doc. 30], in the Amended Second Order to Show Cause and Notice of Hearing the Court again ordered Protégé to appear and be prepared to show cause why the collateral should not be immediately surrendered and delivered in accordance with the pertinent loan documents; or, alternatively, to appear and (1) provide a full accounting and exact location of the Collateral, and (2) cooperate with Plaintiff's Repossession Agent to obtain the Collateral. [Doc. 27, p. 1]. The Court further ordered Protégé to be prepared to show good cause for its failure to appear at the March 3, 2020 hearing, to provide a valid service address, and have its attorney enter his or her appearance. [*Id.*, pp. 1-2]. The Court again cautioned that default judgment and/or sanctions for contempt of court could result for failure to appear at the hearing, and it directed Protégé to respond to the email transmitting the Amended Notice immediately upon its receipt. [*Id.*, p. 1]. No response was received.

19.     Because local social distancing recommendations were not relaxed by June 1, 2020,

the Court reset the hearing to July 1, 2020. [*See* Doc. 30]. The hearing was set on the Court's toll-free meet-me teleconference line, but the Court ensured the presence of a stenographic court reporter. [Doc. 30, p. 1]. The Court again warned Protégé that its failure to appear at the hearing as directed could result in default judgment for Commercial Credit and/or sanctions for contempt of court. [*Id.*, pp. 1-2]. Because prior mailed notice had been returned, the Court directed its judicial law clerk to email Protégé/Mr. Vigil the Order Resetting the Hearing and record any response on the docket. [*Id.*, p. 2]. The Court received no response from anyone on behalf of Protégé, either when the Order was first emailed on June 1, 2020, or when it was re-sent on June 25, 2020. [Staff Notes – 6/1/2020; 6/25/2020].

20.     The Court convened the show cause hearing as planned on Wednesday, July 1, 2020, at 2:00 PM, via teleconference. Commercial Credit appeared through counsel (Ms. Sohn), but there was no appearance for Protégé. [*See* Doc. 31]. The Court recessed from 2:04 PM until 2:10 PM to permit Protégé extra time to call-in. [*Id.*, p. 1]. Due to Protégé's absence, Commercial Credit orally moved the Court to hold Protégé, and by extension Mr. Vigil, in contempt of court. [*Id.*, p. 2]. The undersigned asked Commercial Credit to prepare and file an affidavit explaining its attempts to serve the Writ of Replevin. [*Id.*]. The undersigned then explained that while a United States Magistrate Judge cannot enter a finding of contempt in these circumstances, findings of fact supporting a finding of contempt would be certified for Judge Gonzales' review. [*Id.*]. The Court concluded by stating that it would recommend that Mr. Vigil be fined or arrested and held until the Writ of Replevin has been satisfied and the collateral secured. [Doc. 31; *see also* Doc. 32 (Transcript of Hearing)].

21.     To date, the Court has received no communication from Protégé or Mr. Vigil, and no counsel of record has entered an appearance.

### III.    <u>RECOMMENDATION</u>

Pursuant to 28 U.S.C. § 636(e)(6)(B)(iii), the undersigned **certifies** the above facts for consideration by District Judge Gonzales to fashion an appropriate sanction for the following violations of his and this Court's Orders:

A)  Failing to immediately surrender the collateral;

B)  Failing to provide a full accounting and the exact location of the collateral;

C)  Failing to cooperate with Commercial Credit's repossession agent to obtain the collateral;

D)  Failing to appear at the March 3, 2020 hearing before the undersigned Magistrate Judge;

E)  Failing to retain counsel as required by this Court's Local Rules;

F)  Failing to provide a valid address for service of process; and

G)  Failing to appear at the July 1, 2020 hearing before the undersigned Magistrate Judge.

The undersigned **recommends** that Judge Gonzales adopt the foregoing facts, examine further evidence to the extent he deems it necessary, and enter civil contempt sanctions against Protégé/Mr. Vigil commensurate to compel compliance with the Court's Orders, up to and including fines or imprisonment. Because the contempt addressed is civil, the sanction entered should only remain in effect to the extent necessary to ensure future compliance with the Court's orders and to compensate Commercial Credit for losses incurred as a result of Protégé's noncompliance. *See, e.g.*, *Quarrie v. Wells*, 2020 WL 954177, at *3 (D.N.M. Feb. 27, 2020) (Wormuth, M.J.) (citing *Acosta v. Paragon Contractors Corp.*, 884 F.3d 1225, 1238 (10th Cir. 2018)).

To ensure that Defendant receives proper notice of these findings and proposed recommendation, **the Court directs the Clerk to serve this certification and recommendation to Defendant and its registered agent and president, Steven Vigil, via certified mail, return receipt requested, to the following addresses:**

Protege Excavation, Inc.
123 C Highway 240,
Ranchos de Taos, NM 87557

Steven Vigil
P.O. BOX 1148,
Ranchos de Taos, NM 87557

Despite the postal service's inability to deliver prior filings to these addresses, Mr. Vigil represented that they were valid when he last spoke with Court staff. **To ensure he receives it, the Court's law clerk will also forward a file-stamped copy of this Order to Mr. Vigil at ProtegeExcavation@yahoo.com,** and will enter a notation on the electronic case docket confirming it has been sent.

SO ORDERED AND CERTIFIED.

_____
JERRY H. RITTER
U.S. MAGISTRATE JUDGE