IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

COMMERCIAL CREDIT GROUP INC.,

     Plaintiff,

v.                                                    Civ. No. 19-0558 KG/JHR

PROTÉGÉ EXCAVATION, INC.,

     Defendant.

**ORDER TO SHOW CAUSE AND NOTICE OF TELEPHONIC HEARING**

This matter comes before the Court upon the Magistrate Judge's Proposed Findings and Recommended Disposition (PFRD), filed July 15, 2020.  (Doc. 34).

Neither party filed objections to the Magistrate Judge's PFRD (Doc. 34).[1]  The Court, upon a *de novo* review of the PFRD (Doc. 34), adopts the facts certified by the Magistrate Judge and finds that Protégé Excavation, Inc./Steven Vigil (Protégé Excavation, Inc.'s agent and director) violated various Court orders by:

A) Failing to immediately surrender the collateral;
B) Failing to provide a full accounting and the exact location of the collateral;
C) Failing to cooperate with Commercial Credit's repossession agent to obtain the collateral;
D) Failing to appear at the March 3, 2020 hearing before the undersigned Magistrate Judge;
E) Failing to retain counsel as required by this Court's Local Rules;
F) Failing to provide a valid address for service of process; and
G) Failing to appear at the July 1, 2020 hearing before the undersigned Magistrate Judge.

(Doc. 34) at 8.  The Court also adopts the Magistrate Judge's recommendation to "examine further evidence to the extent … necessary, and enter civil contempt sanctions against

---

[1] "Within fourteen days after being served with a copy [of a PFRD], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."  28 U.S.C. § 636(b)(1).

Protégé/Mr. Vigil commensurate to compel compliance with the Court's Orders, up to and including fines or imprisonment." *Id.* Considering Protégé/Mr. Vigil's gross disregard of the Court's Orders and utter disdain for the judicial institution, the Court further reserves the right to enter criminal contempt sanctions against Mr. Vigil, if appropriate.  Criminal contempt sanctions include a fine and imprisonment.

For these reasons, the Court **ORDERS** Protégé/Mr. Vigil to appear at a telephonic hearing to show cause why they should not be held in contempt by reason of the certified facts. *See* 28 U.S.C. § 636(e)(6).  At that time, Protégé/Mr. Vigil may proffer any "evidence as to the act or conduct complained of." *Id.*  If necessary, the Court may continue the telephonic hearing in order to consider any physical evidence.

The Court notes that no attorney has entered an appearance on behalf of Protégé.  Local Civil Rule 83.7 requires that a corporation "must be represented by an attorney authorized to practice before this Court."  In other words, Mr. Vigil is not authorized to represent Protégé because he is not licensed to practice law.  The Court, therefore, **ORDERS** Protégé to retain an attorney for the telephonic show cause hearing.  Failure to do so may result in a default judgment against Protégé.  *Zimmerling v. Affinity Fin. Corp.*, 478 Fed. Appx. 505, 508 (10th Cir. 2012) (holding that dodging obligation to retain attorney for business entity appearing in federal court "opens a corporation to the possibility of default" (citing *Cessna Finance Corp. v. Bielenberg Masonry Contracting, Inc.,* 715 F.2d 1442, 144-45 (10th Cir. 1983)).  The Court will also consider any motion for default judgment filed by Plaintiff at that time.  If such a motion is filed, the Court **ORDERS** that Protégé, through its attorney, show good cause why a default judgment should not be entered against it.

**IT IS FURTHER ORDERED** that

1. the Court adopts the Magistrate Judge's PFRD (Doc. 34);

2   a telephonic show cause hearing is scheduled for **MONDAY, SEPTEMBER 14,**

**2020, at 1:30 p.m.**  Counsel for Plaintiff, counsel for Protégé, and Steven Vigil shall call the

AT&T conference line 888-398-2342, access code is 9614892, to be connected to the

proceedings. Calls will only be accepted from landlines; **no cell phones please**;[2] and

3.  the Court will consider any unexcused absence from the telephonic show cause

hearing as consent to the imposition of contempt sanctions.  If Plaintiff files a motion for default

judgment prior to the show cause hearing, the Court will consider any unexcused absence from

the telephonic show cause hearing by Protégé as consent to an entry of default judgment against

Protégé.

_____

UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that it will (1) email this Order to Show Cause and Notice of Telephonic
Hearing to ProtogeExcavation@yahoo.com, (2) telephone Mr. Vigil at (575) 770-9278, (575)
770-4076, (575) 770-6278, and (575) 758-4547 regarding this Order to Show Cause and Notice
of Telephonic Hearing, and (3) mail the Order to Show Cause and Notice of Telephonic Hearing
via certified mail, return receipt requested, to Steven Vigil, P.O. Box 1148, Ranchos de Taos,
NM 87557, and to Protégé Excavation, Inc., 123 State Rd. 240, Rancho de Taos, NM  87557.