IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

COMMERCIAL CREDIT GROUP, INC.,

    Plaintiff,

vs.                                                                                           Civ. No. 19-558 KG/JHR

PROTÉGÉ EXCAVATION, INC.,

    Defendant.

MEMORANDUM OPINION AND ORDER

    Plaintiff Commercial Credit Group, Inc., a Delaware corporation with its principal place of business in North Carolina, seeks replevin of personal property worth $659,943.00. (Doc. 1) at ¶ 3. Defendant Protégé Excavation, Inc. (Protégé), a New Mexico corporation with its principal place of business in New Mexico, executed a Promissory Note and Security Agreement with Plaintiff on May 10, 2017, for $158,306.00 to finance the purchase of a fellerbuncher/mulcher. *Id.* at ¶¶ 6 and 4. On April 25, 2018, Protégé executed a second Promissory Note and Security Agreement with Plaintiff for $574,728.00 to purchase nine pieces of excavation equipment. *Id.* at ¶¶ 5 and 7. Protégé subsequently defaulted on the two notes. *Id.* at ¶ 14.

    Plaintiff now sues Protégé for the immediate possession of the collateral under both the terms of the loan documents and Uniform Commercial Code financing statements. *See id.* at ¶¶ 14 and 15. Although Steven Vigil, the director of Protégé and its registered agent for receipt of service of process, was personally served with Plaintiff's summons and complaint, Protégé has not answered or otherwise responded to the complaint as required by Fed. R. Civ. P. 12(a). *See*

*id.* at ¶ 2; (Doc. 40-1).  Moreover, Protégé/Vigil have purposefully not complied with various Court orders entered in the course of this litigation.

Consequently, on August 18, 2020, the Court entered an Order to Show Cause and Notice of Telephonic Hearing.  (Doc. 39).  At that time, the Court adopted the Magistrate Judge's certified facts establishing civil contempt by Protégé/Vigil for violating various Court orders including

> A) Failing to immediately surrender the collateral;
> B) Failing to provide a full accounting and the exact location of the collateral;
> C) Failing to cooperate with Commercial Credit's repossession agent to obtain the collateral;
> D) Failing to appear at the March 3, 2020 hearing before the undersigned Magistrate Judge;
> E) Failing to retain counsel as required by this Court's Local Rules;
> F) Failing to provide a valid address for service of process; and
> G) Failing to appear at the July 1, 2020 hearing before the undersigned Magistrate Judge.

*Id.* at 1 (quoting (Doc. 34) at 8).  The Court also adopted "the Magistrate Judge's recommendation to 'examine further evidence to the extent … necessary, and enter civil contempt sanctions against Protégé/Mr. Vigil commensurate to compel compliance with the Court's Orders, up to and including fines or imprisonment.'"  *Id.* at 1-2 (quoting (Doc. 34) at 8).  The Court further stated that "[c]onsidering Protégé/Mr. Vigil's gross disregard of the Court's Orders and utter disdain for the judicial institution, the Court further reserves the right to enter criminal contempt sanctions against Mr. Vigil, if appropriate."  *Id.* at 2.  In addition, the Court:

> 1. ordered Protégé/Vigil "to appear at a telephonic hearing to show cause why they should not be held in contempt by reason of the certified facts.  *See* 28 U.S.C. § 636(e)(6)," *id.*;

    2. ordered "Protégé to retain an attorney for the telephonic show cause hearing" and warned Protégé that "[f]ailure to do so may result in a default judgment against" it, *id* (citing *Zimmerling v. Affinity Fin. Corp*., 478 Fed. Appx. 505, 508 (10th Cir. 2012) (holding that dodging obligation to retain attorney for business entity appearing in federal court "opens a corporation to the possibility of default" (citation omitted));

    3. stated that it will "consider any motion for default judgment filed by Plaintiff," and, if, Plaintiff files such a motion, the Court ordered "that Protégé, through its attorney, show good cause why a default judgment should not be entered against it," (Doc. 39) at 2;

    4. stated that it "will consider any unexcused absence from the telephonic show cause hearing by Protégé as consent to an entry of default judgment against Protégé," *id.* at 3; and

    5. stated that it "will consider any unexcused absence from the telephonic show cause hearing as consent to the imposition of contempt sanctions," *id.*

The Court set the telephonic show cause hearing for September 14, 2020, at 1:30 p.m. *Id.* The Court also sent notice to Protégé/Vigil through email, certified mail, and telephonically. *See id.* at n. 2.

    Shortly after the entry of the Order to Show Cause and Notice of Telephonic Hearing, the Clerk of the Court filed an entry of default and then Plaintiff filed Commercial Credit Group, Inc.'s Motion for Entry of Default Judgment Against Defendant Protégé Excavation, Inc. (Motion for Default Judgment). (Docs. 41 and 43). Plaintiff seeks both a default judgment against Protégé as well as an award of attorney's fees and costs. Protégé has not responded to the Motion for Default Judgment.

    The Court held the telephonic show cause hearing on September 14, 2020. Only counsel for Plaintiff appeared. Having considered the Motion for Default Judgment, the affidavit by Don

Pokorny (a senior vice president of Commercial Credit Group, Inc.) (Doc. 43-1), the argument of Plaintiff's counsel, and the history of this case, the Court grants the Motion for Default Judgment and requests further briefing on the issue of possible criminal contempt sanctions against Vigil.

I. *Relevant Chronology of Litigation*

On August 22, 2019, the Court adopted the Magistrate Judge's proposed findings and recommended disposition (PFRD) (Doc. 9) to grant Plaintiff's request for an expedited *ex parte* prejudgment writ of replevin to secure the collateral. (Doc. 11). Later, on August 22, 2019, the Court issued a Writ of Replevin directing the sheriff of the county where the collateral may be located to repossess the collateral. (Doc. 12). The Writ of Replevin also included a summons. *Id.* at 2. The summons ordered that within 30 days of service of the summons Protégé must serve and file an answer or a Fed. R. Civ. P. 12(b)(6) motion, or else the Court will enter a default judgment against Protégé.[1] (Doc. 12) at 2.

The Taos and Colfax County Sheriff's Departments were unable to locate the collateral at Protégé's principal place of business and other known locations after numerous attempts. Therefore, on December 20, 2019, Plaintiff filed a motion for an order to show cause (Doc. 14) which the Court granted on January 13, 2020. (Doc. 15). The Order to Show Cause required Protégé to appear at a hearing to

> to show cause why the Collateral should not be immediately surrendered and delivered in accordance with the subject loan documents or alternatively, to appear and (1) provide a full accounting and exact location of the Collateral; and (2) cooperate with Plaintiff's Repossession Agent to obtain the Collateral.

*Id.*

On January 16, 2020, the Court vacated the show cause hearing. Then, on January 28, 2020, the Court referred the show cause matter and hearing to the Magistrate Judge. (Doc. 19).

---

[1] On August 29, 2019, the Court approved a Replevin Bond in the amount of $1,319,886.00. (Doc. 13).

On July 15, 2020, the Magistrate Judge entered a PFRD after numerous attempts to get Vigil to attend show cause hearings.  (Doc. 34).  The Magistrate Judge certified facts showing that Vigil should be held in civil contempt for failing to comply with Court orders.  *Id.*  The Magistrate Judge also recommended that the Court adopt the certified facts and hear any pertinent evidence, as required by 28 U.S.C. § 636(e)(6), to determine appropriate sanctions "up to and including a fine or imprisonment… until the requirements of the original and subsequent Orders to Show Cause have been satisfied." *Id.* at 1.  Also, on July 15, 2020, the Magistrate Judge's law clerk emailed the PFRD to Vigil.

On July 16, 2020, a summons was issued for Protégé.  Then, on August 3, 2020, Vigil was served with the summons and complaint.  (Doc. 40-1).  Protégé had until August 24, 2020 to answer the complaint or file a responsive pleading.

On August 4, 2020, the Clerk's Office sent the Magistrate Judge's PFRD to Vigil and Protégé by certified mail.  On August 12, 2020, the PFRD sent by certified mail to Protégé was returned to the Court as undeliverable.  (Doc. 35).

On August 17, 2020, the Court held a status conference regarding Plaintiff's $10 million premium bond payment renewal date of August 20, 2020.  (Doc. 38).  Protégé/Vigil did not appear at the status conference although the Court emailed the notice of the status conference to Vigil via a Protégé email address.

On August 18, 2020, the Court entered the Order to Show Cause and Notice of Telephonic Hearing.  (Doc. 39).  On August 19, 2020, the Clerk's Office sent Vigil and Protégé, by certified mail, the minutes of the August 17, 2020, status conference and the August 18, 2020, Order to Show Cause and Notice of Telephonic Hearing (Doc. 39).  On August 21, 2020, the Court's Judicial Assistant emailed the Order to Show Cause and Notice of Telephonic Hearing

(Doc. 39) to Protégé and called Protégé/Vigil at four different phone numbers.  She was able to leave a message at one phone number, but she could not reach Protégé/Vigil at the other phone numbers.

On August 28, 2020, Plaintiff filed a motion for an entry of a default against Protégé. (Doc. 40).  On September 1, 2020, the Clerk's Office granted that motion and filed an entry of default against Protégé.  (Doc. 41).

On September 8, 2020, the Order to Show Cause and Notice of Telephonic Hearing (Doc. 39), sent by certified mail to Protégé, was returned to the Court as undeliverable.  On September 10, 2020, the Court's Judicial Assistant again emailed Protégé the Order to Show Cause and Notice of Telephonic Hearing (Doc. 39).

On September 10, 2020, Plaintiff filed its Motion for Default Judgment.  (Doc. 43).

Finally, on September 11, 2020, the Order to Show Cause and Notice of Telephonic Hearing (Doc. 39) sent by certified mail to Vigil was returned to the Court as undeliverable. (Doc. 44).

## II.  Discussion

### A.  Whether to Enter Default Judgment

In accordance with the Order to Show Cause and Notice of Telephonic Hearing (Doc. 39) and the Federal Rules of Civil Procedure, the Court determines that entering a default judgment against Protégé is appropriate.  Specifically, Protégé has failed to retain counsel, failed to answer or otherwise respond to the complaint, and failed to appear at the September 14, 2020, telephonic show cause hearing as ordered by the Court.

It is well-established that

> [e]ntry of a default judgment involves a two-step process. *See* Fed. R. Civ. P. 55(a)-(b). The first step involves the court clerk's decision whether to enter a default. Fed. R. Civ. P.

> 55(a). … If the clerk enters a default, the plaintiff can ask the court to grant a default judgment. Fed. R. Civ. P. 55(b)(2).

*Meyers v. Pfizer, Inc.*, 581 Fed. Appx. 708, 710 (10th Cir. 2014). Here, Plaintiff has obtained an entry of default by the Clerk. (Doc. 41). Now, Plaintiff seeks an entry of a default judgment.

However,

> [t]here is no right to a default judgment; entry of a default judgment is within the discretion of the court. *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010). Therefore, the first step is for the court to resolve whether it has jurisdiction, and if it does, whether the well-pleaded factual allegations in the Complaint and any attendant affidavits or exhibits support judgment on the claims against the defendants. *Id.*; *see also Magic Carpet Ski Lifts, Inc. v. S&A Co., Ltd*, No. 14-CV-02133-REB-KLM, 2015 WL 4237950, at *5 (D. Colo. 2015) ("There must be a sufficient basis in the pleadings for the judgment entered." (quoting *Bixler*, 596 F.3d at 762).

*Joe Hand Promotions, Inc. v. Stateline Bar & Grill LLC*, 2019 WL 5095742, at *2 (D. Colo.), *report and recommendation adopted,* 2019 WL 5095646 (D. Colo.).

In addition,

> Defendants, by their default, admit the plaintiff's well-pleaded allegations of fact, are precluded from challenging those facts by the judgment, and are barred from contesting on appeal the facts thus established. *CrossFit, Inc. v. Jenkins*, 69 F. Supp. 3d 1088, 1093 (D. Colo. 2014) (quoting *Jackson v. FIE Corp.*, 302 F.3d 515, 525 (5th Cir. 2002)); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). The facts alleged in the Complaint which are deemed admitted upon default may form the basis for the court's entry of a default judgment. *See, e.g.*, *Salba Corp. v. X Factor Holdings, LLC*, No. 12-CV-01306-REB-KLM, 2015 WL 5676690, at *1 (D. Colo. 2015).

*Id.*

### 1. Jurisdiction

#### a. Subject Matter Jurisdiction: Diversity Jurisdiction

The Court has diversity subject matter jurisdiction under 28 U.S.C. § 1332. First, diversity of citizenship exists. Plaintiff has its place of incorporation in Delaware and principle place of business in North Carolina. (Doc. 1) at ¶ 3. Protégé is incorporated in New Mexico

7

with its principle place of business in New Mexico. *Id.* Second, the amount in controversy exceeds $75,000: the estimated value of the property at issue is $659,943.00. *Id.*

### b. Personal Jurisdiction

The Court also has personal jurisdiction over Protégé. On August 3, 2020, Vigil, Protégé's registered agent who is authorized to receive service of process and Protégé's director, was personally served with the summons and complaint in Taos County. *See* (Doc. 1) at ¶ 2; (Doc. 40-1). This service complies with Fed. R. Civ. P. 4(h) (service for corporation occurs by delivering copy of summons and complaint to corporation's officer or agent authorized to receive service of process in judicial district of the United States).

### 2. Liability

This is an action for replevin. In New Mexico, NMSA 1978 § 42–8–1 (1996 Repl. Pamp.) "stat[es] the following elements of replevin (1) the right to the immediate possession of the property, and (2) wrongful taking or wrongful detention of that property[]." *Bernier v. Bernier ex rel. Bernier*, 2013-NMCA-074, ¶ 32, 305 P.3d 978 (citing NMSA 1978 § 42–8–1).

### a. Right to Immediate Possession

The Court finds that:

1. Protégé entered into a two Promissory Notes and Security Agreements with Plaintiff to purchase excavation equipment, (Doc. 43-1) at ¶¶ 5-6;

2. Plaintiff perfected its lien and security interest in the collateral as listed on the amended UCC Financing Statement filed on May 11, 2017 (File #20179726674B) and the UCC Financing Statement filed on April 27, 2018 (File #20180063738E), *id.* at ¶ 11;

    3. Protégé promised to make monthly payment on the two contracts, but Protégé has not made payments with respect to the first contract since August 31, 2018, and has not made any payments with respect to the second contract, *id.* at ¶¶ 10 and14;

    4. "Events of Default" under the contracts include "the failure of Protégé to make any payment to Commercial Credit when due," thus, Protégé's failure to make payments under the contracts places Protégé in default, *id.* at ¶¶ 14 and 19;

    5. in the event of a default, the contracts provide that Plaintiff may, among other things, take possession of the collateral "at any time … with or without process of law," and sell the collateral, *id.* at ¶ 20; and

    6. according to Don Pokorny, "[m]ultiple attempts at repossession have failed, and Defendant is unwilling to communicate with Plaintiff," *id.* at ¶ 23.

The Court finds that these undisputed facts establish that Plaintiff has the right to the immediate possession of the collateral at issue.

### b. Wrongful Taking or Detention of Property

The Court further determines that based upon the default under the contracts and Protégé's unwillingness to allow Plaintiff to take possession of the collateral as provided in the Contracts upon a default, Protégé has wrongfully taken and detained the collateral at issue. Plaintiff has, therefore, shown it has a legitimate claim for replevin against Protégé.

### 3. Conclusion

The Court concludes that it has subject matter jurisdiction over the lawsuit on the basis of diversity jurisdiction.  The Court further concludes it has personal jurisdiction over Protégé.

In addition, the Court concludes that the well-pleaded facts in the complaint and Pokorny's affidavit support Plaintiff's replevin claim under Section 42–8–1. Accordingly, the Court, in its discretion, grants Plaintiff's Motion for Default Judgment.

### B. Whether to Award Attorney's Fees and Costs

Plaintiff seeks an award of attorney's fees and costs as the prevailing party. Given that the Court will enter a default judgment against Protégé, the Court finds that Plaintiff is a prevailing party entitled to an award of attorney's fees and costs. The Court, therefore, grants Plaintiff's request for an award of attorney's fees[2] and costs.[3]

### C. Whether to Find Vigil in Contempt

Given the adopted certified facts supporting civil contempt, the warnings in the Order to Show Cause and Notice of Telephonic Hearing (Doc. 39), and the multiple attempts to provide Vigil with notice of the September 14, 2020, show cause hearing, the Court finds that Vigil's failure to appear at the September 14, 2020, show cause hearing constitutes consent to civil contempt sanctions. Rather than impose civil contempt sanctions at this time, the Court believes that Vigil's purposeful flaunting of the judicial system, as reflected by his behavior throughout the course of this litigation, could form the basis for imposing criminal contempt sanctions, which can include fines and/or imprisonment. To that end, the Court will order Plaintiff to submit briefing on the issue of imposing criminal contempt sanctions on Vigil.

---

[2] If awarded attorney's fees, Plaintiff asks that the Court allow it to file a separate motion for attorney's fees within 14 days of the entry of judgment. *See* Fed. R. Civ. P. 54(d)(2)(B) (unless court order or statute provide otherwise, motion for attorney's fees must be filed no later than 14 days after entry of judgment). However, Local Rule 54.5(a) states that a motion for attorney's fees must be filed and served within 30 days of the entry of judgment.

[3] Costs are governed by Rule 54(d)(1) and Local Rule 54.1. Local Rule 54.1 states that a motion to tax costs must be filed and served on each party within 30 days of entry of judgment.

IT IS ORDERED that:

1. Commercial Credit Group, Inc.'s Motion for Entry of Default Judgment Against Defendant Protégé Excavation, Inc. (Doc. 43) is granted;

2. on or before September 28, 2020, Plaintiff will submit to the Court and to Protégé, at its last known mailing address and email address, a proposed default judgment and writ of assistance;

3. no later than 30 after the entry of the default judgment, Plaintiff must file its motion for attorney's fees and motion to tax costs, and serve those motions on Protégé at its last known mailing address and email address; and

4. on or before September 28, 2020, Plaintiff will file a brief regarding the propriety of imposing criminal contempt sanctions on Vigil, and serve that brief on Vigil at his last known mailing address and email address.

_____
UNITED STATES DISTRICT JUDGE