IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

COMMERCIAL CREDIT GROUP, INC.,

    Plaintiff,

vs.                                                      Civ. No. 19-558 KG/JHR

PROTÉGÉ EXCAVATION, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

On August 18, 2020, the Court entered an Order to Show Cause and Notice of Telephonic Hearing in which it adopted the Magistrate Judge's certified facts establishing civil contempt by Steven Vigil, Defendant Protégé Excavation, Inc.'s (Protégé) director, for violating various Court orders. (Doc. 39) at 1. The Court further adopted "the Magistrate Judge's recommendation to 'examine further evidence to the extent … necessary, and enter civil contempt sanctions against Protégé/Mr. Vigil commensurate to compel compliance with the Court's Orders, up to and including fines or imprisonment.'" *Id.* at 1-2 (quoting (Doc. 34) at 8). Additionally, the Court stated that "[c]onsidering Protégé/Mr. Vigil's gross disregard of the Court's Orders and utter disdain for the judicial institution, the Court further reserves the right to enter criminal contempt sanctions against Mr. Vigil, if appropriate." *Id.* at 2. The Court then ordered Protégé/Vigil "to appear at a telephonic hearing to show cause why they should not be held in contempt by reason of the certified facts[, *s*]*ee* 28 U.S.C. § 636(e)(6)," and stated that it "will consider any unexcused absence from the telephonic show cause hearing as consent to the imposition of contempt sanctions." *Id.* at 2-3. The Court set the telephonic show cause hearing

for September 14, 2020, at 1:30 p.m. *Id.* at 3. The Court also sent notice of the hearing to Protégé/Vigil through email, certified mail, and telephonically. *See id.* at n. 2.

Neither Vigil nor counsel for Protégé appeared at the September 14, 2020, telephonic show cause hearing. The next day, the Court entered a Memorandum Opinion and Order in which it stated:

> Given the adopted certified facts supporting civil contempt, the warnings in the Order to Show Cause and Notice of Telephonic Hearing (Doc. 39), and the multiple attempts to provide Vigil with notice of the September 14, 2020, show cause hearing, the Court finds that Vigil's failure to appear at the September 14, 2020, show cause hearing constitutes consent to civil contempt sanctions. Rather than impose civil contempt sanctions at this time, the Court believes that Vigil's purposeful flaunting of the judicial system, as reflected by his behavior throughout the course of this litigation, could form the basis for imposing criminal contempt sanctions, which can include fines and/or imprisonment. To that end, the Court will order Plaintiff to submit briefing on the issue of imposing criminal contempt sanctions on Vigil.

(Doc. 46) at 10. On September 28, 2020, Plaintiff filed a timely brief on the issue of whether to impose criminal contempt sanctions. (Doc. 47). Plaintiff concluded that "[i]mprisonment as a civil contempt sanction is appropriate to impose on Protégé/Mr. Vigil to coerce the proper return of the Collateral to its rightful owner, Commercial Credit." [1] *Id.* at 5.

The Court agrees with Plaintiff. "A district court may exercise broad discretion in using its contempt power to assure compliance with its orders." *Rodriguez v. IBP, Inc.*, 243 F.3d 1221, 1231 (10th Cir. 2001). *See also* 18 U.S.C. § 401(3) (stating that courts "have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as … [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command"). Civil contempt "is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance." *Law v. Nat'l Collegiate Athletic*

---

[1] On October 13, 2020, the Court entered a default judgment against Protégé and issued a writ of assistance. (Docs. 49 and 50).

*Ass'n ("Law I")*, 134 F.3d 1438, 1442 (10th Cir. 1998) (citations omitted).  Accordingly, courts may employ sanctions in civil contempt proceedings "for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *Id.* (citation omitted).  As Plaintiff explains in its brief regarding contempt sanctions, "Protégé/Vigil's conduct and financial situation demonstrate that monetary sanctions are unlikely to be successful in coercing compliance." (Doc. 47) at 5.  Consequently, Plaintiff seeks coercive incarceration as a contempt sanction to recoup its collateral.

      A plaintiff requesting civil contempt sanctions must demonstrate "by clear and convincing evidence, that a valid court order existed, that [the defendant] had knowledge of the order, and that [the defendant] disobeyed the order." *ClearOne Commc'ns, Inc. v. Bowers*, 651 F.3d 1200, 1210 (10th Cir. 2011).  Plaintiff, in this case, has met this showing in that the Court has already found Vigil in contempt.  Once the plaintiff makes its showing, the defendant must "show either that [it] complied with the order or that [it] could not comply with it." *Id.*  Vigil has not made this showing.  Given these circumstances, the Court will consider imposing coercive incarceration as a sanction for Vigil's contempt.

      To impose coercive incarceration sanctions for civil contempt, the Court must meet three conditions.  First, the contemnor must always be able to purge the contempt through compliance. *See Hicks ex rel. Feiock*, 485 U.S. 624, 650 (1988) (finding respondent "carries something even better than the 'keys to the prison' in his own pocket: as long as he meets the conditions of his informal probation, he will never enter the jail").  Second, civil contempt sanctions imposed to coerce compliance with a court order "cannot be any greater than necessary to ensure such compliance" and cannot be so excessive as to be punitive in nature. *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1304 (11th Cir. 1991).  Third, the contemnor's

incarceration must remain coercive: "[W]hen civil contempt sanctions lose their coercive effect, they become punitive and violate the contemnor's due process rights." *In re Lawrence*, 279 F.3d 1294, 1300 (11th Cir. 2002) (citation omitted).

In this case, a civil contempt sanction of incarceration meets the above conditions. Vigil will hold the keys to the prison and, thus, can avoid or minimize incarceration by purging the civil contempt in one of two ways: returning Plaintiff's collateral to Plaintiff or providing Plaintiff with complete and truthful information as to its whereabouts. Also, such an incarceration is narrowly tailored to achieve the goal of returning the collateral to Plaintiff. Finally, an incarceration, in this case, is clearly coercive in nature and not punitive.

THEREFORE, IT IS ORDERED that

1. Plaintiff's request to incarcerate STEVEN VIGIL as a civil contempt sanction to coerce the return of the following collateral is granted:

| Equipment | Serial Number |
|---|---|
| -2008 Tigercat M726E 4-wheeled Fellerbuncher/mulcher | 726M3561 |
| -2009 John Deere 770D Articulated frame grader | DW770DX623991 |
| -2012 John Deere 350G LC Crawler mounted hydraulic excavator | 1FF350GXCCE808440 |
| -2015 John Deere 333E Skid steer | 1T0333EKADE248035 |
| -2014 Kobelco ED160-3 Crawler mounted hydraulic excavator | LH02-01538 |
| -2008 Case 1150K Standard crawler dozer | N7DC00207 |
| -1988 Mitsubishi MG100 Motor grader | 1G500072 |
| -2007 John Deere 310J Tractor loader backhoe | T0310JX143362 |

|  |  |
|---|---|
| -2014 John Deere 60G Crawler mounted hydraulic excavator | 1FF060GXVEJ285982 |
| -1990 John Deere 670B Articulated frame grader | DW670BX527502; |

2. the Clerk of the Court shall issue a bench warrant for the immediate arrest of STEVEN VIGIL by the United States Marshal for this District, or by any of her deputies;

3. the United States Marshal, or any of her deputies, will personally serve a copy of this Memorandum Opinion and Order on STEVEN VIGIL;[2]

4. upon STEVEN VIGIL's arrest, he will be held in federal custody until such time as he can appear before this Court to state whether he has purged the civil contempt;

5. to purge the civil contempt, STEVEN VIGIL must produce the above listed collateral to Plaintiff or provide Plaintiff with complete and truthful information as to its whereabouts:

6. if STEVEN VIGIL has not purged the civil contempt, the United States Marshal will continue to incarcerate STEVEN VIGIL in a facility to be selected by the United States Marshal until such time as he purges himself of the civil contempt; and

7. the United States Marshal will detain STEVEN VIGIL until the Court discharges him from her custody.

_____
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that Fed. R. Civ. P. 4.1(b) states that in the context of a diversity jurisdiction lawsuit, like this one, an "order in a civil-contempt proceeding may be served only in the state where the issuing court is located or elsewhere in the United States within 100 miles from where the order was issued."